SWAIN AND MYERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 94477. Promulgated June 28, 1940.

*David Altman, Esq.*, for the respondent.

OPINION.

Hill: The question for decision here is whether or not petitioner is entitled to accrue and deduct from its gross income for the taxable year ended September 30, 1935, in computing its Federal income tax, an amount representing the tax imposed by the Illinois Retailers' Occupation Tax Act (Jones Illinois Stat. Ann., sec. 119.450 *et seq.*) in respect of the uncollected portion of the sales price of merchandise sold in the taxable year. The pertinent provisions of the Illinois statute are quoted in the margin.[1]

Petitioner was engaged in the business of selling at retail store fixtures and equipment, and kept its books of account on an accrual basis. In determining the deficiencies respondent has allowed deduction of the full amount of the state tax accrued on petitioner's gross receipts in the taxable year, without regard to whether the tax was paid in such year, but petitioner contends that, since it included in the sales price an amount equivalent to the tax imposed on the gross receipts when collected and accrued such gross amount as income, it is entitled also to accrue and deduct as business expense the amount of the Illinois tax in order to reflect its true income. This contention can not be sustained.

The fallacy of petitioner's argument lies in the fact that the full gross amount of each sale made by it, which included an amount equal to the tax here in controversy, became a definitely fixed obligation of the vendee at the time of sale, and hence such amount was properly accrued by petitioner as gross income. But petitioner did not become liable to pay the state tax until it made collection from its customers. The Illinois statute clearly imposed the tax only upon *gross receipts from sales,* and petitioner does not contend otherwise. Hence, prior to collection, petitioner's liability to pay the tax in respect of credit sales was wholly contingent, and the fact that it set up on its books a reserve to cover such contingent liability does not change the legal effect of the situation. "Contingent liabilities are not accruable for income tax purposes." *Sunburst Oil & Refining Co.,* 23 B. T. A. 829, 836, and authorities cited. We have repeatedly

---

[1] 119.451. A tax is imposed upon persons engaged in the business of selling tangible personal property at retail in this State at the rate of two per cent (2%) of the gross receipts from such sales in this State of tangible personal property made in the course of such business upon and after the taking effect of this Act and prior to July 1, 1935, and at the rate of three per cent (3%) of the gross receipts from such sales on and after July 1, 1935 * * *.

held that a reserve set up on a taxpayer's books to take care of a contingent liability is not deductible in computing Federal income tax. See *Reuben H. Donnelley Corporation*, 22 B. T. A. 175, and authorities cited at page 180.

The facts in the *Donnelley* case are, in all material respects, similar to those involved here. There the taxpayer was engaged in the business of publishing classified business telephone directories, and derived its income from sales, through agents, of advertising space. The commissions to be paid to the salesmen for procuring advertising contracts were not due until the amounts of the contracts were paid. The amounts due on the contracts were immediately charged by the taxpayer to its customers' accounts and accrued as income. We held that such amounts constituted gross income, but that the salesmen's commissions on the unpaid accounts were not accruable or deductible. In that connection we said:

It may be inquired why such items should be accrued as income and the amounts due salesmen as commissions on these advertising contracts should not be accrued as expense. We think the answer lies in the fact that the accounts for advertising were unconditionally due when the directories were published, whereas the amounts due salesmen for commissions were contingent upon the customers paying their accounts.

Petitioner in the instant case strenuously insists that since it accrued the Illinois tax as gross income, the true net income will not be reflected unless it is permitted to accrue and deduct the amount of the State tax, citing in support of this contention, *United States v. Anderson*, 269 U. S. 422. It is obvious, we think, that to permit the deduction claimed in respect of petitioner's accounts receivable would result in a distortion of income if and to the extent that such accounts were not thereafter collected. Furthermore, in no event would petitioner have to bear the burden of double taxation in respect of uncollected accounts, since it would be entitled to deduct in a subsequent year any worthless debts, which would include *pro tanto* the accrued State tax. Not only is it unnecessary to accrue a contingent liability in order clearly to reflect income, but any system of bookkeeping which accrues such item distorts income. *Reuben H. Donnelley. Corporation*, *supra;* *Kaufmann Department Stores, Inc.*, 11 B. T. A. 949; *Crescent Cap Co.*, 10 B. T. A. 1.

Nor do we think that *United States v. Anderson*, *supra*, lends support to petitioner's argument. That case involved a reserve for taxes on profits from sales of munitions in 1916, which taxes were not due and payable until 1917. The taxpayer sought to take a deduction in 1917. The Supreme Court held that the amount was properly accruable and deductible in 1916 for the reason that in the economic and bookkeeping sense the taxes had accrued in that year, saying:

In a technical sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it.

The present case differs from the facts in the *Anderson* case in that here, prior to the close of the taxable year, all events which fixed the amount of the tax and determined the liability of petitioner to pay it had not occurred. Both the amount of the tax and petitioner's liability to pay were dependent upon collection. The *Anderson* case involved an unconditional liability; the case at bar involves a contingent liability.

The deficiencies determined by respondent are approved.

*Decision will be entered for respondent.*